# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 23-0661V

|  |  |
|---|---|
| TERRY COOPER,<br><br>              Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>              Respondent. | Chief Special Master Corcoran<br><br>Filed: September 19, 2025 |

*Jessica Anne Olins*, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.

*Mary Novakovic*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On May 4, 2023, Terry Cooper filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on October 16, 2021. Petition at ¶¶ 1, 23. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 10, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On September 18, 2025, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $25,300.68, comprised of $25,000.00 for pain and suffering and $300.68 for past unreimbursable expenses. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $25,300.68, comprised of $25,000.00 for pain and suffering and $300.68 for past unreimbursable expenses, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TERRY COOPER,<br><br>　　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　Respondent. | No. 23-661V<br>Chief Special Master Corcoran<br>ECF |

## **RESPONDENT'S PROFFER ON DAMAGES**

On May 4, 2023, Terry Cooper ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza ("flu") vaccination received on October 16, 2021. Petition at 1.  On December 11, 2023, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report contesting petitioner's entitlement to compensation under the terms of the Act.  ECF No. 17.  On February 5, 2024, petitioner filed a Motion for Ruling on the Record with a supporting memorandum.  ECF Nos. 20, 21.  Respondent filed a response on April 3, 2024, and petitioner filed a reply on April 10, 2024.  ECF Nos. 24, 25.  On September 10, 2025, the Chief Special Master issued a Ruling on Entitlement finding petitioner was entitled to compensation.[1]  ECF No. 27.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming the Chief Special Master issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Chief Special Master's September 10, 2025, entitlement decision.

1

I. **Items of Compensation**

A. Pain and Suffering

Respondent proffers that petitioner should be awarded $25,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B. Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his claim. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $300.68. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II. **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $25,300.68 to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

                                                HEATHER L. PEARLMAN
                                                Deputy Director
                                                Torts Branch, Civil Division

                                                VORIS E. JOHNSON
                                                Assistant Director
                                                Torts Branch, Civil Division

                                                /s/ Mary Novakovic
                                                MARY NOVAKOVIC
                                                Trial Attorney
                                                Torts Branch, Civil Division
                                                U.S. Department of Justice
                                                P.O. Box 146
                                                Benjamin Franklin Station
                                                Washington, D.C. 20044-0146
                                                Tel: (202) 616-2879
                                                Email: Mary.E.Novakovic@usdoj.gov

Date:  September 18, 2025